# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2024

Lyle W. Cayce
Clerk

No. 24-10307
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua Wayne Pyle,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:23-CR-92-1

_____

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Joshua Wayne Pyle appeals his sentence of 12 months and one day of imprisonment after he pleaded guilty to aiming a laser pointer at an aircraft, in violation of 18 U.S.C. § 39A. Pyle contends that the district court erred in applying U.S.S.G. § 2A5.2(a)(2) in calculating his base offense level because

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the evidence presented at sentencing was insufficient to show that he acted recklessly.

Regardless of whether the district court erred in applying § 2A5.2(a)(2), any error by the district court is harmless. "Even when a district court fails to consider the correct sentencing guideline range, an error may be harmless if the proponent of the sentence convincingly demonstrates both (1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing." *United States v. Leontaritis*, 977 F.3d 447, 452 (5th Cir. 2020) (internal quotation marks and citation omitted). Here, the record reflects that the district court explicitly stated that, to the extent it incorrectly calculated the advisory guidelines range, it "would have imposed the same sentence without regard to that range, and [it] would have done so for the same reasons, in light of the [18 U.S.C. § ]3553(a) factors here." Because the record clearly shows that "the district court had a particular sentence in mind and would have imposed it, notwithstanding the error," any error was harmless. *See United States v. Ibarra-Luna*, 628 F.3d 712, 718 (5th Cir. 2010). We therefore need not reach the issue of whether the base offense level was calculated in error.

AFFIRMED.